**LOUISIANA POWER & LIGHT COMPANY and New Orleans Public Service Inc., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 71–3429.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1973.

---

6. See Part III, *infra.*

Charles King Mallory, Andrew P. Carter, W. C. Nelson, New Orleans, La., Nelson Jones, Houston, Tex., Howard E. Wahrenbrock, Washington, D. C., John M. Kuykendall, Jr., Jackson, Miss., for petitioners.

Gordon Gooch, Gen. Counsel, Ruben Lozner, Staff Counsel, Leo E. Forquer, Sol., J. Richard Tiano, George W. McHenry, Jr., First Asst. Sols., F. P. C., Washington, D. C., for respondent.

William B. Cassin, Houston, Tex., for United Gas Pipeline.

Leon M. Payne, Houston, Tex., W. DeVier Pierson, Washington, D. C., for United Gas, Inc.

William G. Riddoch, Dan A. Bruce and Thomas G. Johnson, Houston, Tex., for Shell Oil.

Clarence H. Ross and Raymond J. Petersen, Chicago, Ill., for Natural Gas Pipe Line of America.

Christopher T. Boland, Washington, D. C., and Robert O. Koch, Owensboro, Ky., for Texas Gas Transmission.

J. Evans Attwell and Jack D. Head, Houston, Tex., for Texas Eastern Transmission Corp.

Harry L. Albrecht, Birmingham, Ala., for Southern Natural Gas Co.

Thomas M. Knebel, Washington, D. C., for Willmut Gas & Oil Co.

Eaton A. Lang, Jr., Gulfport, Miss., and A. Edward Grashof, New York City, for Miss. Power Co.

George M. Wear, Monroe, La., for Olinkraft, Inc.

Wm. W. Bedwell, Washington, D. C., and James H. Wuller, St. Louis, Mo., for Miss. River Transmission Corp.

Peter H. Schiff, Gen. Counsel, P.S.C. for N. Y., Albany, N. Y., Richard A. Solomon, Washington, D. C., for Public Service Comm. for State of N. Y.

Arnold D. Berkeley, Washington, D. C., and Fred G. Benton, Sr., Baton Rouge, La., for State of Louisiana and others.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co.

Richard W. Duesenberg and Dwight W. Miller, St. Louis, Mo., for Monsanto Co.

John T. Miller, Jr., Washington, D. C., for Monsanto Co. and Texas Gulf Sulphur.

John J. Mullally, Washington, D. C., for Miss. River Transmission Corp.

George W. Hugo, Houston, Tex., for Texas Gulf Sulphur.

John S. Schmid, New York City, for Boston Gas Co., and others.

Before JOHN R. BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This case is one of a group arising from the adoption by the Federal Power Commission of "curtailment plans" filed by United Gas Pipe Line Company. These curtailment plans were the outgrowth of an order promulgated by the FPC and were aimed at serving the public interest by establishing a rational scheme of allocation of available natural gas in light of the current, somewhat critical, shortage of this much-used fuel. Due to this shortage, pipeline companies found that they would not be able to meet all of their current contractual obligations for delivery of gas. At present, the FPC has not finally ap-

proved any of the curtailment plans in question. It has, however, issued two orders, Opinions 606 and 606A, which are reviewable and are now challenged by numerous parties on several grounds before this court. Each of the contentions raised by these petitioners will be considered separately below.

### FPC Jurisdiction to Enter Curtailment Orders Affecting Direct Sale Customers

At the time this action was initially filed with this court, we had previously held in Louisiana Power & Light Company v. United Gas Pipe Line Company, 5 Cir. 1972, 456 F.2d 326, that the Commission did not have authority under the Natural Gas Act to order curtailment of sales to direct sale customers. In Federal Power Commission v. Louisiana Power & Light Company, 1972, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369, the United States Supreme Court reversed that determination by this circuit and held that the FPC was authorized to entertain curtailment plans with regard to both direct sales and sales for resale. Therefore, this opinion by the Supreme Court has conclusively settled this first issue raised by these petitioners and the Commission's jurisdiction is no longer subject to challenge on this basis.

### Opinions 606 and 606A and Damage Suits for Contract Breach Growing Out of Curtailment

Petitioners here, as have the petitioners in several other of the cases arising from this curtailment situation, object to language in Opinions 606 and 606A issued by the Federal Power Commission on October 5, 1971, and December 3, 1971, which indicated that the adoption of a curtailment plan by the Commission pursuant to its procedures would serve as an "absolute defense" to any private contract actions against the pipeline for damages growing out of the curtailment. This court has today issued a full opinion on this point in International Paper Company v. Federal Power Commission[1] and no purpose would be served by fully restating the result reached in that case here. Therefore we adopt as part of this opinion the holding of International Paper Company v. Federal Power Commission with regard to the effect of Opinions 606 and 606A on possible suits for breach of contract growing out of any curtailment plan which is ultimately adopted.

### Curtailment on the "Green System East"

Petitioners in this case strongly urge that United has improperly, with the aid of the Commission, been curtailing gas deliveries on its "Green System East." In Louisiana Power & Light Company v. United Gas Pipe Line Company, 5 Cir. 1972, 456 F.2d 326, 339–340, this court held that the "Green System East" was purely intrastate and not subject to Commission regulations. The Supreme Court, in Federal Power Commission v. Louisiana Power & Light Company, 1972, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369, reversed this court on that point and held that it was within the primary jurisdiction of the FPC to determine its jurisdiction in the first instance, subject of course to the usual appellate review of that administrative decision.

The precise objection made by petitioners in a supplementary brief filed five days prior to oral argument was that United, with the knowing acquiescence of the FPC, was curtailing deliveries on the "Green System East" for several months before the FPC ever made its initial finding of jurisdiction over that pipeline. The claim is that curtailment is not retroactive and that curtailment while the Commission was making its initial jurisdictional decision was improper. The issue was not orally argued.

This panel of the court has recently been assigned to review the FPC's ultimate decision on jurisdiction over the "Green System East." Louisiana Power

---

1. 5 Cir. 1973, 476 F.2d 121.

& Light, et al. v. Federal Power Commission, No. 72–1714 (consolidated with several other cases on the same issue). We notice in the briefs for those cases that this issue is raised and answered. Since argument in those cases will be forthcoming in the near future, we feel that a better resolution of this issue can be made in those cases. We therefore decline to pass on this issue at this time.

As to the issues raised by these petitioners, the orders of the FPC are affirmed in part and remanded in part.